IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS HEIN, | ) |
|                 Plaintiff, | ) ) ) |
| v. | )   Civil Action No. 21-1116 ) |
| MASTER BUILDERS SOLUTIONS ADMIXTURES US, LLC, et al., | ) ) ) |
|                 Defendants. | ) |

**<u>MEMORANDUM AND ORDER OF COURT</u>**

Presently before the Court is the Motion for Summary Judgment and brief in support filed by Defendant Master Builders Solutions Admixtures US, LLC in this matter (Docket Nos. 29, 30), Plaintiff Douglas Hein's brief in opposition thereto (Docket Nos. 36), and Defendant's reply (Docket No. 39). In addition to the motion and briefs, the Court has considered the parties' concise statements and counter statements of material facts, declarations, exhibits, and appendices that were filed in connection with the briefs (Docket Nos. 31-35; 40-41). On June 1, 2023, the Court held oral argument on the motion. (Docket No. 47). For the reasons set forth herein, Defendant's Motion for Summary Judgment is denied.

**I.     BACKGROUND**

As the parties are well-acquainted with the facts of this case, at this juncture the Court will refrain from presenting the factual background in detail.[1] In sum, the Complaint alleges that Defendant is liable for selling its defective Senergy-brand Exterior Insulation Finishing System ("EIFS") stucco product, which was installed on Plaintiff's residence by a non-party. (Docket

---

[1] The relevant facts are derived from the undisputed evidence of record and from the disputed evidence of record which is read in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").

No. 1-1). According to Plaintiff, the EIFS had to be removed and associated repairs had to be done at great expense to him before the house could be sold. (*Id.*). On July 13, 2021, Plaintiff filed his Complaint in this matter in the Pennsylvania Court of Common Pleas of Allegheny County. (Docket No. 1 at 6, ¶¶ 1, 2). On August 23, 2021, Defendant removed Plaintiff's Complaint to this Court. (*Id.*).

The Complaint includes a single Count against Defendant, alleging strict liability under Pennsylvania law for the design and/or manufacturing defects of the EIFS (Count I). (Docket No. 1-1 at 9-10). Discovery in this matter was bifurcated into phases, with Phase I being limited to issues of spoliation and the statute of limitations since, from the outset of this case, Defendant had spoliation concerns centering on the removal of the EIFS and the repairs being done to the property without Defendant having been given notice or an opportunity to inspect the property or obtain samples of the product. (Docket 19 at 1). After the parties completed Phase I discovery, Defendant filed its Motion for Summary Judgment. (Docket No. 29). In its motion, Defendant argues that, due to the spoliation of evidence here, Defendant is unfairly prejudiced and unable to defend itself fully against Plaintiff's allegations because it is impossible to determine whether the EIFS on Plaintiff's residence (which was installed nearly thirty years ago) is in fact Defendant's product, and if it is Defendant's product, whether it caused the alleged damages. Defendant's motion has been fully briefed by the parties, oral argument has been held, and the motion is now ripe for decision.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The parties must support their

position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).  A disputed fact is material if it might affect the outcome under the substantive law.  *See Boyle v. Cnty. of Allegheny, Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Anderson*, 477 U.S. at 247-48).  Summary judgment is unwarranted where there is a genuine dispute about a material fact, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the non-moving party with regard to that issue. *See Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility.  *See Boyle*, 139 F.3d at 393.  The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position.  *See Schulz v. Celotex Corp.*, 942 F.2d 204, 210 (3d Cir. 1991).  Rule 56 requires the non-moving party to go beyond the pleadings and show, through the evidence of record, that there is a genuine issue for trial.  *See Celotex v. Catrett*, 477 U.S. at 324.

**III.     DISCUSSION**

As previously indicated, Plaintiff's Complaint contains a single claim against Defendant alleging strict liability under Pennsylvania law for its defective "EIFS" stucco product which was installed on Plaintiff's residence. (Docket No. 1-1). In moving for summary judgment, Defendant argues that the Court should dismiss Plaintiff's Complaint due to spoliation of evidence. (Docket No. 30 at 14). Alternatively, Defendant urges the Court to enter an order barring Plaintiff from presenting prejudicial evidence, of which Defendant was deprived a reasonable opportunity to refute, including evidence of any alleged design and/or manufacturing defect, or evidence rebutting any assertion by Defendant that the damage to the home was not caused by a product defect. (*Id.*). Defendant argues that suppression of such evidence would lead to Plaintiff's case being unable to proceed, so even if the Court orders suppression of the evidence at issue, outright dismissal of the case is the only appropriate sanction. (Docket No. 39 at 10-11).

Spoliation may occur when a party alters, destroys, fails to preserve, or withholds evidence within its custody or control. *See Bull v. United Parcel Service, Inc.*, 665 F.3d 68, 73-74 (3d Cir. 2012). According to the Court of Appeals for the Third Circuit, spoliation has occurred if: (1) the evidence at issue was within the alleged spoliator's control; (2) the evidence was relevant to the claims or defenses in the case; (3) there was actual suppression or withholding of the evidence; and (4) it was reasonably foreseeable to the alleged spoliator that the evidence would be discoverable. *See id.* at 73; *see also Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*, 348 F. Supp. 2d 332, 336 (D.N.J. 2004) (citing cases and setting forth similar factors).

"Where evidence is destroyed, sanctions may be appropriate, including the outright dismissal of claims, the exclusion of countervailing evidence, or a jury instruction on the

spoliation inference." *Swindell Dressler Int'l Co. v. Travelers Cas. & Surety Co.*, 827 F. Supp. 2d 498, 506 (W.D. Pa. 2011) (internal citations and quotation marks omitted).  "Dismissal or suppression of evidence," as Defendant requests here, "are the two most drastic sanctions because they strike at the core of the underlying lawsuit," and "they should only be imposed in the most extraordinary of circumstances."  *Mosaid*, 348 F. Supp. 2d at 335.  "Three key considerations" that dictate whether such sanctions should be imposed are:

> "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future."

*Id.* (quoting *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)).

According to Defendant, the EIFS at issue in this case was allegedly installed on Plaintiff's residence nearly three decades ago, and Plaintiff commenced the complete remediation of the EIFS, but never provided Defendant with notice or an opportunity to inspect the property (including the allegedly problematic EIFS) before the remediation work was done. (Docket No. 30 at 2).  Defendant also argues that Plaintiff possessed a sample bucket of the original EIFS (the "Senergy Bucket") that was installed on the residence, but he disposed of the Senergy Bucket after filing the present lawsuit, so Defendant similarly never had an opportunity to inspect the bucket or its contents.  (*Id.*).

Defendant contends that all the factors necessary to show spoliation have been met here. First, Defendant asserts that the allegedly defective EIFS and the Senergy Bucket were within Plaintiff's control.  (Docket Nos. 30 at 9; 31, ¶¶ 2, 3; 33, ¶¶ 2, 3).  Second, Defendant contends that there is no doubt that the EIFS, as installed, was relevant to many issues in this case, and that the Senergy Bucket was relevant to whether Senergy brand EIFS was installed on the residence

and whether it contained a defect. (Docket No. 30 at 10). Third, Defendant argues that Plaintiff intentionally remediated the alleged defects and damages without giving Defendant notice or an opportunity to inspect and without preserving any removed samples, and Plaintiff suppressed discovery of or otherwise withheld the Senergy Bucket by failing to preserve it or disclose its existence so that it could be inspected by Defendant. (Docket Nos. 30 at 9; 31, ¶¶ 2, 3; 33, ¶¶ 2, 3). Fourth, Defendant argues that it was objectively foreseeable that the allegedly defective EIFS and the Senergy Bucket would both be subject to discovery in a lawsuit since Plaintiff had previously submitted a property damage claim with his insurer ("Chubb") before filing the present lawsuit. (Docket Nos. 30 at 7 (citing exhibits); 31, ¶ 44; 33, ¶ 44). Furthermore, Defendant asserts that it is so prejudiced by the spoliation of the evidence here that only dismissal of the Complaint, or suppression of such evidence which would essentially necessitate dismissal of Plaintiff's claim, is appropriate here.

In response to Defendant's contentions, Plaintiff explains that the EIFS that is at issue in this lawsuit was not intentionally destroyed in bad faith but was removed from the residence in the normal course of events after the residence was inspected, and was found to be damaged, in preparation for its sale. (Docket Nos. 36 at 3; 33, ¶¶ 56-57, 75, 86). Also, according to Plaintiff, the need to preserve the damaged EIFS (or to arrange for an inspection by Defendant) was not obvious because Plaintiff did not realize until most of the remediation work had been done that a claim for damages against Defendant might ensue. (Docket No. 36 at 3, 5). Additionally, Plaintiff contends that he did not destroy or hide the Senergy Bucket in bad faith, but he instead simply left it at the residence for the new owners after the sale. (Docket Nos. 31, ¶¶ 3, 49; 33, ¶¶ 3, 49). Plaintiff also explains that Defendant was notified prior to the property being sold that the sale was about to occur and that Defendant may want to inspect the property, but Defendant

declined to take Plaintiff up on the offer. (Docket Nos. 33, ¶ 80; 36 at 3-4). Further, Plaintiff notes that areas of the original EIFS still remain on the residence, although the property has been sold. (Docket No. 34-8, ¶ 10; Oral Argument regarding Defendant's Motion for Summary Judgment, held on June 1, 2023 ("Oral Argument")[2]). As to Defendant being prejudiced in its ability to defend itself against the allegations in the Complaint, Plaintiff indicates that the parties here can rely on other available evidence, including over 400 photographs of the residence that were taken before, during, and after the remediation of the stucco on the residence. (Docket Nos. 33, ¶ 79; 36 at 8-9). Thus, Plaintiff argues that Defendant fails to allege bad faith on the part of Plaintiff, yet Defendant claims that Plaintiff's Complaint should be dismissed with prejudice, when such an extreme sanction is clearly inappropriate under the circumstances of this case.

Upon consideration of the parties' briefs and oral argument, the Court concludes that dismissal of Plaintiff's Complaint due to spoliation is not warranted at this juncture, and Defendant's motion for summary judgment will therefore be denied. Reviewing the undisputed facts of this case, the Court notes that the first spoliation factor is satisfied because the EIFS and the Senergy Bucket were undoubtedly within Plaintiff's control prior to, and to some extent after, the inception of this litigation. The second spoliation factor is satisfied as well since the EIFS and the Senergy Bucket would clearly be relevant to this case. What is less clear, however, is whether the third and fourth spoliation factors are satisfied.

In response to Defendant's argument that the third spoliation factor is met since the damaged EIFS and the Senergy Bucket were intentionally destroyed or withheld by Plaintiff, the Court notes that Plaintiff has presented ostensibly valid reasons for removing the EIFS from the residence in order to effectuate repairs prior to sale and for not notifying Defendants sooner of

---

[2] An official transcript of the hearing during which oral argument was held has not been produced as of this date. Therefore, the Court discusses the testimony presented by reference to an unofficial draft of the transcript.

the remediation efforts that were undertaken. Plaintiff also notified Defendant when the subject residence was about to be sold, and he alerted Defendant that it may wish to schedule an inspection of the home before the sale was complete. Additionally, while the extent of Plaintiff's knowledge of the Senergy Bucket is unclear at this time,[3] the bucket apparently remained at the residence when it was sold, at which time it was passed on to the property's new owners.[4] (Oral Argument).

Defendant argues that, regardless of Plaintiff's explanation for his actions, there is sufficient evidence to show the nature of Plaintiff's intent here (which intent, Defendant argues, is also sufficient to justify granting its motion for at least some sanctions here), based on the Chubb claim having been filed, the EIFS subsequently having been removed, and then the present lawsuit having been filed. (Oral Argument). According to Plaintiff, however, the Chubb claim was a limited claim for repairs after a storm, in comparison to the present claim that alleges much more extensive damages. (Oral Argument). Therefore, Plaintiff explains, the Chubb claim (in conjunction with Plaintiff's subsequent actions) is insufficient to show any level of his intent because that insurance claim and the claim here involve two completely different scenarios. (Oral Argument).

While "[s]ome courts in the Third Circuit have construed 'actual suppression' to mean that the evidence must be *intentionally* or *knowingly* destroyed or withheld, as opposed to lost, accidentally destroyed or otherwise properly accounted for," others "have used a more flexible approach that defies being labeled as requiring intentional or knowing destruction." *Mosaid*, 348 F. Supp. 2d at 337 (emphasis in original) (citing cases). In this case, the Court finds that – under

---

[3]   Plaintiff has yet to be deposed in this matter. (Oral Argument).

[4]   According to Plaintiff, the Senergy Bucket was originally provided to him for possible use in making minor repairs to the EIFS in the future. (Oral Argument).

any standard – Plaintiff's knowledge and intent underlying his alleged actions in connection with the damaged EIFS and Senergy Bucket are simply too unclear for the Court, on the present evidentiary record, to find that the third spoliation factor has been met in order to dismiss the Complaint or suppress the crucial evidence at issue, as Defendant requests.

As to the fourth spoliation factor, whether it was reasonably foreseeable that the damaged EIFS and the Senergy Bucket would later be discoverable, the evidence shows that portions of the original EIFS remain on the house, and it is possible that such material could still be tested in order to determine if it is in fact Defendant's product. (Oral Argument). Regarding the damaged EIFS that was removed (the inspection of which would be relevant to determining whether the product was defective and whether it caused damage to the residence), Plaintiff contends that he did not know at the time repairs were being done that he would later have a product defect claim against Defendant. As explained, *supra*, the Chubb claim does not appear to be as broad as the present lawsuit against Defendant, so the Court cannot rely on that prior claim alone to find reasonable foreseeability. (Oral Argument). Upon consideration of these facts, the Court cannot find, at this time and based on the limited record available, that it was reasonably foreseeable at the time the EIFS repair work was being done that the damaged EIFS would later be discoverable. As to the Senergy Bucket, the extent of Plaintiff's knowledge regarding that item is also unclear based on the evidence produced during Phase I discovery, so the Court is unable to determine whether it was reasonably foreseeable, at the time Plaintiff's residence was sold and the Senergy Bucket was given to the buyer of the property, that that bucket would later be discoverable. The Court therefore finds that the fourth spoliation factor has not been met.

Thus, considering these findings and given the Court's discretion here, the Court concludes that dismissal of Plaintiff's action is not appropriate. *See, e.g., Poulis v. State Farm*

*Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) (explaining that dismissals based on spoliation are "drastic sanctions"); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (noting that "dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits"); *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994) ("[C]ourts select the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim." (quoting James S. Gorelick, Steven Marzen & Lawrence Solum, *Destruction of Evidence* § 3.16 (1989))).

Furthermore, although Defendant's alternative request for suppression of the EIFS and Senergy Bucket evidence – as Defendant describes it – is ultimately no different, in effect, from its request for outright dismissal of the Complaint, the Court concludes that a spoliation sanction in the form of ordering suppression of such evidence is essentially an evidentiary ruling that would be premature at this time. *See Swindell*, 827 F. Supp. 2d at 507-08. In order to properly determine if such a spoliation sanction is appropriate here, the Court would require a complete factual predicate. *See id.* at 508. As this case is still in the early stages of discovery (Phase I), the record is far from complete. Counsel indicated to the Court at oral argument that a number of depositions still need to be taken and a good deal of additional discovery, including expert discovery, is necessary before the case can go to trial. (Oral Argument). The Court therefore finds, in its discretion, that, while the motion for summary judgment is denied, it is proper to defer a final ruling on the issue of spoliation and potentially appropriate sanctions, including the possibility of a spoliation inference instruction,[5] to a time closer to trial, at which point a complete factual record will presumably exist in this case.

---

[5] A far lesser sanction is the spoliation inference, which permits a jury to assume that destroyed evidence would have been unfavorable to the offending party's position. *See Schmid*, 13 F.3d at 78.

Therefore, Defendant's request that Plaintiff's Complaint be dismissed, or that an order be issued suppressing evidence, based on spoliation, is denied. However, such denial is without prejudice to Defendant's ability to renew its spoliation requests at a later point in this litigation. Accordingly, Defendant's motion for summary judgment is denied.

### IV.   CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is denied.

### ORDER

AND NOW, this 22nd day of June, 2023, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Docket No. 29) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record